**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-2284

SCRATCH GOLF, LLC,

Plaintiff – Appellant,

v.

BEAUFORT COUNTY; BEAUFORT COUNTY COUNCIL,

Defendants – Appellees.

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Richard Mark Gergel, District Judge.  (9:20-cv-01962-RMG)

Argued:  October 26, 2023                           Decided:  February 13, 2024

Before NIEMEYER, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed by unpublished opinion.  Judge Rushing wrote the opinion, in which Judge Niemeyer and Judge Quattlebaum joined.

**ARGUED:**  Jeffrey Scott Tibbals, BYBEE & TIBBALS, LLC, Mount Pleasant, South Carolina, for Appellant.  William Hewitt Cox, III, HOWELL, GIBSON & HUGHES, PA, Beaufort, South Carolina, for Appellees.  **ON BRIEF:**  Evan P. Williams, BYBEE & TIBBALS, LLC, Mount Pleasant, South Carolina, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

RUSHING, Circuit Judge:

The Beaufort County Council denied Scratch Golf, LLC's rezoning application. Scratch Golf then sued in federal court, alleging that Beaufort County and the Council violated its constitutional rights. The district court dismissed the complaint for failure to state a claim, and we affirm.

I.

Scratch Golf owns Hilton Head National Golf Club, an approximately 300-acre property in Beaufort County, South Carolina. The property is currently zoned for rural and mixed use and, as the name suggests, is primarily used as a golf course. Scratch Golf sought to rezone the property to accommodate a large mixed-use development project that would include 500 homes, 700 hotel rooms, a theme park, and other commercial uses.

In Beaufort County, rezoning requests must be approved by the County Council, so Scratch Golf submitted a rezoning application for the Council's consideration. The rezoning process for Scratch Golf's property cleared various administrative hurdles and seemed headed toward approval when the Council sent the application to a subcommittee for further review. Around this time, residents voiced their opposition to the project and progress stalled. Ultimately, the Council voted 9-2 against rezoning.

Scratch Golf then sued the County and the Council under 42 U.S.C. § 1983, alleging violations of its substantive due process, procedural due process, and equal protection rights. Scratch Golf also asserted a Fifth Amendment takings claim and a claim for estoppel under state law. The district court granted the defendants' motion to dismiss all

the federal claims for failure to state a claim upon which relief can be granted and declined to exercise supplemental jurisdiction over the state-law claim.

## II.

We review de novo a district court's order granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "While we must take the facts in the light most favorable to the plaintiff, we need not accept the legal conclusions drawn from the facts." *E. Shore Mkts., Inc.*, 213 F.3d at 180.

We begin with Scratch Golf's claims that the County Council violated its substantive and procedural due process rights under the United States Constitution. To adequately plead either, Scratch Golf must allege a property interest in approval of its rezoning application that is cognizable under the Fourteenth Amendment's Due Process Clause. *See Sunrise Corp. of Myrtle Beach v. City of Myrtle Beach*, 420 F.3d 322, 328 (4th Cir. 2005) (elements of substantive and procedural due process claims). "To have a property interest in a benefit, a person . . . must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents of State*

3

*Colls. v. Roth*, 408 U.S. 564, 577 (1972). In the context of land-use decisions, whether a person "possesses a legitimate claim of entitlement to a permit or approval turns on whether, under state and municipal law, the local agency lacks *all* discretion to deny issuance of the permit or to withhold its approval." *Gardner v. City of Baltimore Mayor & City Council*, 969 F.2d 63, 68 (4th Cir. 1992). If the local agency retains significant discretion to refuse approval, then the plaintiff has no legitimate claim of entitlement and therefore no cognizable property interest. *See id.* at 69.

Beaufort County's Community Development Code commits rezoning decisions to the discretion of the County Council. The Code identifies factors to be considered but does not require the Council to approve any rezoning application. Scratch Golf makes much of the fact that the County Council had previously designated this property as a "Village Place Type," which is a parcel suitable for higher-density mixed-use development. That designation gave Scratch Golf an opportunity to seek a comprehensive zoning amendment, but it did not entitle Scratch Golf to rezoning; the Council retained discretion under the Code to deny Scratch Golf's application. Because Scratch Golf did not have a cognizable property interest in approval of its rezoning application, it cannot state a substantive or procedural due process claim.

We turn next to Scratch Golf's allegation that the County Council treated it differently from similarly situated property owners and developers in violation of the Equal Protection Clause. A zoning authority's decision "must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Pulte Home Corp. v. Montgomery Cnty.*, 909 F.3d 685, 693

4

(4th Cir. 2018); *see Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (plaintiff must allege "that there is no rational basis for the difference in treatment"). The zoning authority's actual motivation is irrelevant. *Pulte Home Corp.*, 909 F.3d at 693.

Rational bases for denying Scratch Golf's rezoning application leap off the pages of its complaint. For example, the Council cited the unreasonable size and scope of the proposed project, its impact on nearby land, public health and safety concerns, and the absence of a demonstrated community need, among other things. These reasons amply justify denying Scratch Golf's application even if the Council approved a different rezoning request from an allegedly similarly situated developer. Contrary to Scratch Golf's argument, it is not the business of federal courts "to second-guess the wisdom of elected local officials in making inherently discretionary zoning decisions." *Id.* at 694. The Council provided rational reasons for denying Scratch Golf's application, and that is the end of our inquiry.

Moving to the Takings Clause of the Fifth Amendment, Scratch Golf alleges that the denial of its rezoning application amounted to a regulatory taking of its property without just compensation. The parties direct our attention to the *Penn Central* balancing test, which "requires us to consider, at least, three factors of 'particular significance': (1) 'the economic impact of the regulation on the claimant'; (2) 'the extent to which the regulation has interfered with distinct investment-backed expectations'; and (3) 'the character of the governmental action.'" *Blackburn v. Dare Cnty.*, 58 F.4th 807, 812 (4th Cir. 2023) (quoting *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 124 (1978)).

All three factors weigh in the defendants' favor here.  First, regarding economic impact, Scratch Golf alleges that the rezoning denial prohibits certain economically viable uses of its property, but it has not alleged *facts* establishing that the zoning decision caused a "*substantial* diminution" in the value of its property.  *Id.*  Second, investment-backed expectations must be "reasonable given the current use of the property" and "founded 'on a preexisting property right.'"  *Id.* at 813 (quoting *Clayland Farm Enters., LLC v. Talbot Cnty.*, 987 F.3d 346, 354 (4th Cir. 2021)).  We have already determined that Scratch Golf lacks a property right in a change of zoning.  And although Scratch Golf has a property right in its land, the rezoning decision did not interfere with its ability to continue its preexisting use of that land as a golf course.  Third, as for the character of the governmental action, development restrictions "based on density and other traditional zoning concerns" adjust "the benefits and burdens of economic life to promote the common good" and so are "less likely to be considered a taking."  *Quinn v. Bd. of Cnty. Comm'rs for Queen Anne's Cnty.*, 862 F.3d 433, 443 (4th Cir. 2017) (internal quotation marks omitted); *see also Pulte Home Corp.*, 909 F.3d at 696.  Weighing these three factors, Scratch Golf has failed to plausibly state a claim for relief under *Penn Central*.

Finally, the district court acted within its discretion when it declined to exercise supplemental jurisdiction over Scratch Golf's state-law estoppel claim after it dismissed all the federal claims.  *See Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).

For these reasons, the judgment of the district court is

*AFFIRMED*.